UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SAUL R.P.,

　　　　　Petitioner,

　　　v.

WARDEN, CALIFORNIA CITY
DETENTION FACILITY,

　　　　　Respondent.

No. 1:26-cv-02582-TLN-JDP

A # 221-497-904

**ORDER**

This matter is before the Court on Petitioner Saul R.P.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order ("TRO") (ECF No. 2). Respondent filed a consolidated Opposition to Motion for TRO and Motion to Dismiss Petition for Writ of Habeas Corpus. (ECF No. 7.) For the reasons set forth below, Petitioner's habeas petition is GRANTED. (ECF No. 1.) Petitioner's Motion for TRO is DENIED as moot. (ECF No. 2.)

///

///

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initials, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a noncitizen who entered the United States on an unknown date without inspection.  (ECF No. 7-1 at 1.)  According to the Government's documents, he has no criminal history.  (*Id.*)

On February 17, 2026, Petitioner was detained at a traffic stop by local authorities in Ocala, Florida.  (*Id.*; ECF No. 2 at 2.)  Petitioner was then transported to the custody of Immigration and Customs Enforcement and placed in removal proceedings.  (ECF No. 7-1 at 2; ECF No. 7-2.)  Petitioner was ultimately transferred to the California City Detention Center.  (ECF No. 2 at 2.)  Petitioner has not been provided a bond hearing.  (*Id.*)  He does not have a final order of removal.  (*Id.*)

On April 6, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus and Motion for TRO.  (ECF Nos. 1, 2.)  Petitioner challenges the lawfulness of his civil detention and seeks immediate release.  (ECF No. 1 at 6, 8.)

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    ANALYSIS

Petitioner claims his detention violates the Fifth Amendment Due Process Clause.  (ECF No. 1 at 6.)  In opposition, Respondent contends Petitioner is an "applicant for admission" subject

to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) ("§ 1225(b)(2)").  (ECF No. 6 at 1–2.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent."  *Zadvydas*, 533 U.S. at 693 (2001).  These due process rights extend to immigration proceedings, including detention and deportation proceedings.  *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

As to the first step, the Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause.  "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty."  *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).  Respondent does not dispute that Petitioner has a protected liberty interest.  (*See generally* ECF No. 7.)

Instead, Respondent's sole argument is that Petitioner is an "applicant for admission" subject to mandatory detention under § 1225(b)(2).  The Court is not persuaded.  Courts throughout the Ninth Circuit, including this one, have repeatedly rejected Respondents' position.  *See e.g.*, *Hortua v. Chestnut*, No. 1:25-CV-01670-TLN-JDP, 2025 WL 3525916, at *3 (E.D. Cal. Dec. 9, 2025); *Estrada-Samayoa v. Cruz*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases).  "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the

interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). In comparison, "[t]he government's proposed interpretation of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases). Respondent puts forth no new arguments or facts justifying a different conclusion in this case. Accordingly, the Court finds Petitioner has a clear interest in his continued liberty protected by the Due Process Clause.

Having found Petitioner possesses a protected liberty interest, the Court next examines what process is necessary to ensure any deprivation of that interest accords with the Constitution. Having considered the three factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. *See Brayan C. C. v. Warden of California City Corr. Ctr.*, No. 2:26-CV-00641-TLN-JDP, 2026 WL 710358, at *3–4 (E.D. Cal. Mar. 13, 2026). First, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the Government's actions detaining him. Second, the risk that Petitioner is being erroneously deprived of his liberty is high given that he has no criminal history, Respondent does not argue he is a danger or a flight risk, and he has received virtually no procedural safeguards to ensure his detention is justified. Third, the Government's interest in detaining Petitioner without notice and a pre-deprivation hearing is low. Thus, upon consideration of the *Mathews* factors, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. He received neither. Petitioner's detention thus violates the Fifth Amendment Due Process Clause.

**IV.    CONCLUSION**

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.) IT IS HEREBY ORDERED:

1.      Respondent must IMMEDIATELY RELEASE Petitioner Saul R.P. (A # 221-497-904) from custody. At the time of release, Respondent must return all of Petitioner's documents

4

and possessions and shall not impose any additional restrictions on him as a condition of his release. **Respondent must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

2.   Respondent is ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondent shows material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondent demonstrates by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioner shall be allowed to have counsel present.

3.   Petitioner's Motion for TRO is DENIED as moot.  (ECF No. 2.)

4.   **The Clerk of Court is directed to serve California City Detention Facility with a copy of this Order.**

5.   The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: April 20, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

5